# EXHIBIT B

# EXHIBIT B-1

FILED AT _8:00_ O'CLOCK A.M

FEB 17 2015

CAUSE NO. _DC-15-42_

R. BARTON, CLERK
DISTRICT CLERK, DUVAL COUNTY, TEXAS
BY___ _____DEPUTY

| | | |
|---|---|---|
| ELOISA RAY | § | IN THE DISTRICT COURT OF |
|     Plaintiff, | § | |
| | § | |
| v. | § | DUVAL COUNTY, TEXAS |
| | § | |
| AMERICAN BANKERS | § | |
| INSURANCE COMPANY OF | § | |
| FLORIDA, SHEREE TAYLOR & | §. | |
| JOE CASTILLO | § | |
|     Defendants. | § | _229th_ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Eloisa Ray ("Plaintiff"), and files her *Plaintiff's Original Petition*, complaining of American Bankers Insurance Company of Florida ("American Bankers"), Sheree Taylor ("Taylor"), and Joe Castillo ("Castillo"), (collectively referred to as "Defendants"), and for cause of action, Plaintiff would respectfully show their Honorable Court the following:

### DISCOVERY CONTROL PLAN

1.  Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. Her case involves complex issues and will require extensive discovery. Therefore, Plaintiff will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of her suit.

## PARTIES

2.    Plaintiff Eloisa Ray is an individual residing in Duval County, Texas.

3.    Defendant American Bankers is an insurance company engaging in the business of insurance in the State of Florida.  This defendant may be served by certified mail, return receipt requested by the clerk of the court, by serving its registered agent, Corporation Service Company at 211 East 7th Street, Suite 620, Austin, Texas 78701.

4.    Defendant Taylor is an individual residing in and domiciled in the State of Tennessee.  This defendant may be served with personal process by a process server at her place of residence at 1933 Andy Lane, Maryville, Tennessee 37803.

5.    Defendant Castillo is an individual residing in and domiciled in the State of Texas.  This defendant may be served with personal process by a process server at his place of residence at 3611 North 41st Lane, McAllen, Texas 78501.

## JURISDICTION

6.    The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court.

7.    The Court has jurisdiction over Defendant American Bankers because the defendant is an insurance company that engages in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of the defendant's business activities in the State of Texas.

8.   The Court has jurisdiction over Defendant Taylor because the defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiff's causes of action arise out of the defendant's business activities in the State of Texas.

9.   The Court has jurisdiction over Defendant Castillo because the defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiff's causes of action arise out of the defendant's business activities in the State of Texas

## VENUE

10.  Venue is proper in Duval County, Texas, because the insured property is situated in Duval County, Texas.  TEX. CIV. PRAC. & REM. CODE §15.032.

## FACTS

11.  Plaintiff is the owner of a Texas Homeowners' Insurance Policy number HPL0167531 (hereinafter referred to as "the Policy"), which was issued by American Bankers.

12.  Plaintiff own the insured property, which is specifically located at 4808 County Road 404, Freer, Texas 78357, in Duval County (hereinafter referred to as "the Property").

13.  American Bankers sold the Policy insuring the Property to Plaintiff.

14.  On or about March 31, 2013, a massive hail storm struck Duval County, Texas, causing significant damage to many homes and businesses throughout the region, including Plaintiff's home.  Plaintiff's roof sustained extensive

damage during the storm. Plaintiff's home also sustained substantial structural and exterior damage during the storm. Specifically, the exterior fascia, siding, windows, and screens were damaged by falling hail and debris. In addition, Plaintiff's personal property sustained damage as a result of the storm. Plaintiff asked that American Bankers cover the cost of repairs to the Property pursuant to the Policy.

15.     The claim number assigned by American Bankers is 201305784.

16.     Defendant American Bankers assigned Defendant Taylor as the overseeing adjuster on the claim. Defendant Taylor and/or American Bankers then assigned Defendant Castillo to inspect the damages to Plaintiff's home. The adjusters assigned by American Bankers were improperly trained and failed to perform a reasonable or adequate inspection of Plaintiff's damages. During the course of his inspection, Castillo severely undervalued the damage to Plaintiff's home and also made the decision to deny many of Plaintiff's covered damages. This is evidenced by Castillo's estimate which severely undervalued the damage to the roof and omitted all of Plaintiff's exterior elevation damages. In addition, Castillo failed to provide amounts for the damage to Plaintiff's personal property and central air conditioning unit. Furthermore, Castillo failed to include overhead and profit in his calculated estimate total. Defendants American Bankers and Taylor agreed with and adopted Defendant Castillo's undervalued and erroneous evaluation

of Plaintiff's damages as their own and American Bankers ultimately issued underpayment to Plaintiff based on that evaluation.

17.   As a result of the unreasonable investigation of Plaintiff's claim (including not providing full coverage for the damages sustained by Plaintiff and under-scoping the damages during its investigation, thus denying adequate and sufficient payment to Plaintiff to repair her home), Plaintiff's claim was improperly and unreasonably adjusted.  The mishandling of Plaintiff's claim has also caused a delay in her ability to make necessary repairs to the Property, which has resulted in additional and consequential damages.  To date, Plaintiff have yet to receive the full payment to which she is entitled under the Policy.

18.   As detailed in the paragraphs below, American Bankers wrongfully denied Plaintiff's claim for repairs to the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff.   Furthermore, American Bankers underpaid some of Plaintiff's claims by not providing full coverage for the damages sustained by Plaintiff, as well as under-scoping the damages during its investigation.

19.   To date, American Bankers continues to delay in the payment for the damages to the property.  As such, Plaintiff has not been paid the full amount for the damages to her home.

20.   Defendant American Bankers failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy.  Specifically, it

refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. American Bankers' conduct constitutes a breach of the insurance contract between American Bankers and Plaintiff.

21. Defendants American Bankers, Taylor, and Castillo misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants American Bankers', Taylor's, and Castillo's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

22. Defendants American Bankers, Taylor, and Castillo failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendants American Bankers', Taylor's, and Castillo's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

23. Defendants American Bankers, Taylor, and Castillo failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendants American Bankers, Taylor, and Castillo failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants American Bankers, Taylor, and

Castillo did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. Defendants American Bankers', Taylor's, and Castillo's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

24. Defendants American Bankers, Taylor, and Castillo failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants American Bankers, Taylor, and Castillo. Defendants American Bankers', Taylor's, and Castillo's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

25. Defendants American Bankers, Taylor, and Castillo refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendants American Bankers, Taylor, and Castillo failed to conduct a reasonable investigation. Specifically, Defendants American Bankers, Taylor, and Castillo performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property. Defendants American Bankers', Taylor's, and Castillo's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

26. Defendant American Bankers failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim, within the statutorily mandated time of receiving notice of Plaintiff's claim. American Bankers' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

27. Defendant American Bankers failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. American Bankers' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

28. Defendant American Bankers failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed, and, to date, Plaintiff have not received full payment for their claim. American Bankers' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

29. From and after the time Plaintiff's claim was presented to Defendant American Bankers, the liability of American Bankers to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, American Bankers has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have

relied to deny the full payment.  American Bankers' conduct constitutes a breach of the common law duty of good faith and fair dealing.

30.    Defendants American Bankers, Taylor, and Castillo knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

31.    As a result of Defendants American Bankers', Taylor's, and Castillo's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing them with respect to these causes of action.

32.    Plaintiff's experience is not an isolated case.   The acts and omissions American Bankers committed in their case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of American Bankers with regard to handling these types of claims.  American Bankers' entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

## CAUSES OF ACTION:

### CAUSES OF ACTION AGAINST TAYLOR AND CASTILLO

#### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

33.  Defendants Taylor's and Castillo's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a).  All violations under their article are made actionable by TEX. INS. CODE §541.151.

34.  Defendants Taylor and Castillo are individually liable for their unfair and deceptive acts, irrespective of the fact each was acting on behalf of American Bankers, because each is a "person" as defined by TEX. INS. CODE §541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added).  (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability)).

35.  Defendants Taylor's and Castillo's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and

deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

36. Defendants Taylor's and Castillo's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

37. The unfair settlement practice of Defendants Taylor and Castillo, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

38. Defendants Taylor's and Castillo's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

39. Defendants Taylor's and Castillo's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and

deceptive act or practice in the business of insurance.   TEX. INS. CODE §541.060(a)(7).

## CAUSES OF ACTION AGAINST ALL DEFENDANTS

### FRAUD

40.   Defendants American Bankers, Taylor, and Castillo are liable to Plaintiff for common law fraud.

41.   Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiff would not have acted as she did, and which American Bankers, Taylor, and Castillo knew were false or made recklessly without any knowledge of their truth as a positive assertion.

42.   The statements were made with the intention that they should be acted upon by Plaintiff, who in turn acted in reliance upon the statements, thereby causing Plaintiff to suffer injury and constituting common law fraud.

### CONSPIRACY TO COMMIT FRAUD

43.   Defendants American Bankers, Taylor, and Castillo are liable to Plaintiff for conspiracy to commit fraud.   Defendants American Bankers, Taylor, and Castillo were members of a combination of two or more persons whose object was to accomplish an unlawful purpose or a lawful purpose by unlawful means.   In reaching a meeting of the minds regarding the course of action to be taken against Plaintiff, Defendants American Bankers, Taylor, and

Castillo committed an unlawful, overt act to further the object or course of action. Plaintiff suffered injury as a proximate result.

<u>CAUSES OF ACTION AGAINST AMERICAN BANKERS ONLY</u>

44. Defendant American Bankers is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

BREACH OF CONTRACT

45. Defendant American Bankers' conduct constitutes a breach of the insurance contract made between American Bankers and Plaintiff.

46. Defendant American Bankers' failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of American Bankers' insurance contract with Plaintiff.

NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
UNFAIR SETTLEMENT PRACTICES

47. Defendant American Bankers' conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

48. Defendant American Bankers' unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

Page 13

49.   Defendant American Bankers' unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though American Bankers' liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

50.   Defendant American Bankers' unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

51.   Defendant American Bankers' unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

52.   Defendant American Bankers' unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

53.   Defendant American Bankers' conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims.   All violations made under this article are made actionable by TEX. INS. CODE §542.060.

54.   Defendant American Bankers' failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

55.   Defendant American Bankers' failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints constitutes a non-prompt payment of the claim.   TEX. INS. CODE §542.056.

56.   Defendant American Bankers' delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim.   TEX. INS. CODE §542.058.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

57.   Defendant American Bankers' conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

58. Defendant American Bankers' failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although at that time American Bankers knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## KNOWLEDGE

59. Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

## DAMAGES

60. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

61. As previously mentioned, the damages caused by the storm have not been properly addressed or repaired in the time since the event, causing further damages to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of Defendant American Bankers', Taylor's, and Castillo's mishandling of Plaintiff's claim in violation of the laws set forth above.

62. For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees.

63. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times her actual damages. TEX. INS. CODE §541.152.

64. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of her claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

65. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

66. For fraud, Plaintiff is entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

67. For the prosecution and collection of her claim, Plaintiff has been compelled to engage the services of the attorneys whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of

their action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## JURY DEMAND

68. Plaintiff hereby requests that all causes of action alleged herein be tried before a jury consisting of citizens residing in Duval County, Texas.

## WRITTEN DISCOVERY

### REQUESTS FOR DISCLOSURE

69. Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendants American Bankers Insurance Company of Florida, Sheree Taylor, and Joe Castillo are requested to disclose, within 50 days of service of this request, the information or material described in Texas Rule of Civil Procedure 194.2.

### REQUESTS FOR PRODUCTION

70. *Plaintiff's Request for Production to Defendant American Bankers Insurance Company of Florida is* attached as "Exhibit A." *Plaintiff's Request for Production to Defendant Sheree Taylor* is attached as "Exhibit A-1." *Plaintiff's Request for Production to Defendant Joe Castillo* is attached as "Exhibit A-2."

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said Plaintiff have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and

exemplary damages as may be found.  In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of their case, for all costs of Court on their behalf expended, for prejudgment and postjudgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which they may show themselves justly entitled.  In accordance with Rule 47 of the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief over $100,000 but not more than $200,000.

Respectfully submitted,

COOK & ANDERSON LAW FIRM, PLLC

Andrew C. Cook
State Bar No. 24057481
David M. Anderson
State Bar No. 24064815
101 N. Shoreline Blvd., Suite 420
Corpus Christi, Texas 78401
(361) 884-4433 (Office)
(361) 884-4434 (Facsimile)

**AND**        **Gonzalez & Gonzalez, LLP**
Robert J. Gonzalez
State Bar No. 08131650
Arnold G. Gonzales
State Bar No. 08123100
Steve T. Lopez
State Bar No. 24070171
5959 S. Staples, Suite 205
Corpus Christi, Texas 78413
(361) 993-3399 (Office)
(361) 993-0030 (Facsimile)

**ATTORNEYS FOR PLAINTIFF**

Page 19

"Exhibit A"

CAUSE NO. DC-15-42

| | | |
|---|---|---|
| ELOISA RAY<br>    Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| v. | §<br>§ | DUVAL COUNTY, TEXAS |
| AMERICAN BANKERS<br>INSURANCE COMPANY OF<br>FLORIDA, SHEREE TAYLOR<br>& JOE CASTILLO<br>    Defendants. | §<br>§<br>§<br>§<br>§ | 229ᵗʰ JUDICIAL DISTRICT |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA

To:    Defendant American Bankers Insurance Company of Florida, by and through its registered agent, Corporation Service Company, at 211 East 7th Street, Suite 620, Austin, Texas 78701.

Pursuant to Rule 196 of the Texas Rules of Civil Procedure, Defendant American Bankers Insurance Company of Florida must produce all requested documents and information (as kept in the ordinary course of business or organized and labeled to correspond with categories in each request), not more than 50 days after service of these requests.

Respectfully submitted,

COOK & ANDERSON LAW FIRM, PLLC

Andrew C. Cook
State Bar No. 24057481
David M. Anderson
State Bar No. 24064815
101 N. Shoreline Blvd., Suite 420
Corpus Christi, Texas  78401
(361) 884-4433 (Office)
(361) 884-4434 (Facsimile)

AND           **Gonzalez & Gonzalez, LLP**
Robert J. Gonzalez
State Bar No. 08131650
Arnold G. Gonzales
State Bar No. 08123100
Steve T. Lopez
State Bar No. 24070171
5959 S. Staples, Suite 205
Corpus Christi, Texas  78413
(361) 993-3399 (Office)
(361) 993-0030 (Facsimile)

**ATTORNEYS FOR PLAINTIFF**

## INSTRUCTIONS

1. Answer each request for documents separately by listing the documents and by describing them as defined below. If documents produced in response to this request are numbered for production, in each response provide both the information that identifies the document and the document's number.

2. For a document that no longer exists or that cannot be located, identify the document, state how and when it passed out of existence or could no longer be located, and the reasons for the disappearance. Also, identify each person having knowledge about the disposition or loss of the document, and identify any other document evidencing the lost document's existence or any facts about the lost document.

    a. When identifying the document, you must state the following:

        (1) The nature of the document (e.g., letter, handwritten note).
        (2) The title or heading that appears on the document.
        (3) The date of the document and the date of each addendum, supplement, or other addition or change.
        (4) The identities of the author, signer of the document, and person on whose behalf or at whose request or direction the document was prepared or delivered.

    b. When identifying the person, you must state the following:

        (1) The full name.
        (2) The present or last known residential address and residential telephone number.
        (3) The present or last known office address and office telephone number.
        (4) The present occupation, job title, employer, and employer's address.

## DEFINITIONS

The following definitions shall have the following meanings, unless the context requires otherwise:

1. "Plaintiff" or "defendant," as well as a party's full or abbreviated name or a pronoun referring to a party, means the party, and when applicable, the party's agents, representatives, officers, directors, employees, partners, corporate agents, subsidiaries, affiliates, or any other person acting in concert with the party or under the party's control, whether directly or indirectly, including any attorney.

2. "You" or "your" means **American Bankers Insurance Company of Florida**, as well as its successors, predecessors, divisions, subsidiaries, related companies, including holding companies, present and former officers, agents, employees, and all other persons acting on behalf of **American Bankers Insurance Company of Florida** or its successors, predecessors, divisions, and subsidiaries and related companies, including holding companies.

3. "Document" means all written, typed, or printed matter and all magnetic, electronic, or other records or documentation of any kind or description in your actual possession, custody, or control, including those in the possession, custody, or control of any and all present or former directors, officers, employees, consultants, accountants, attorneys, or other agents, whether or not prepared by you, that constitute or contain matters relevant to the subject matter of the action. "Document" includes, but is not limited to, the following: letters, reports, charts, diagrams, correspondence, telegrams, memoranda, notes, records, minutes, contracts, agreements, records or notations of telephone or personal conversations or conferences, interoffice communications, e-mail, microfilm, bulletins, circulars, pamphlets, photographs, faxes, invoices, tape recordings, computer printouts, drafts, résumés, logs, worksheets, notations, sketches, and deleted emails.

4. "Electronic or magnetic data" means electronic information that is stored in a medium from which it can be retrieved and examined. The term refers to the original (or identical duplicate when the original is not available) and any other copies of the data that may have attached comments, notes, marks, or highlighting of any kind. Electronic or magnetic data includes, but is not limited to, the following: computer programs; operating systems; computer activity logs; programming notes or instructions; e-mail receipts, messages, or transmissions; output resulting from the use of any software program, including word-processing documents, spreadsheets, database files, charts, graphs, and outlines; metadata; PIF and PDF files; batch files; deleted files; temporary files; Internet- or web-browser-generated information stored in textual, graphical, or audio format, including history files, caches, and cookies;

and any miscellaneous files or file fragments. Electronic or magnetic data includes any items stored on magnetic, optical, digital, or other electronic-storage media, such as hard drives, floppy disks, CD-ROMs, DVDs, tapes, smart cards, integrated-circuit cards (e.g., SIM cards), removable media (e.g., Zip drives, Jaz cartridges), microfiche, or punched cards. Electronic or magnetic data also includes the file, folder, tabs, containers, and labels attached to or associated with any physical storage device with each original or copy and expressly includes deleted emails or other information.

5. "Possession, custody, or control" of an item means that the person either has physical possession of the item or has a right to possession equal or superior to that of the person who has physical possession of the item.

6. "Person" means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity, and all predecessors or successors in interest.

7. "Mobile device" means any cellular telephone, satellite telephone, pager, personal digital assistant, handheld computer, electronic rolodex, walkie-talkie, or any combination of these devices.

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT
AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA**

1.   Produce all nonidentical copies of **Insurance Policy No. HPL0167531** (hereinafter referred to as "The Policy"), which provided coverage for the property located at **4808 County Road 404, Freer, Texas 78357** (hereinafter referred to as "The Property"), on or about March 31, 2013.

2.   Produce all claims files created, kept, maintained, or otherwise related to **Claim No. 201305784.**

3.   Produce all claims files created, kept, maintained, or otherwise related to The Policy at issue in this suit.

4.   Produce all claims files created, kept, maintained, or otherwise related to The Property at issue in this suit.

5.   Produce all Underwriting files created, kept, maintained, or otherwise related to The Policy at issue in this suit.

6.   Produce all Underwriting files created, kept, maintained, or otherwise related to The Property at issue in this suit.

7.   Produce all electronic and magnetic information and data, including emails and deleted emails, relating to **Claim No. 201305784** in native format via USB drive or DVD/CD-ROM.

8.   Produce all electronic and magnetic information and data, including emails and deleted emails, relating to The Policy in native format via USB drive or DVD/CD-ROM.

9.   Produce all electronic and magnetic information and data, including emails and deleted emails, relating to The Property in native format via USB drive or DVD/CD-ROM.

10.  Produce any and all communications and documents sent to or received from, or exchanged by and between you and Plaintiff and their agents, employees, or representatives concerning the subject matter of this lawsuit.

11.  Produce all communications between Plaintiff and Defendants American Bankers Insurance Company of Florida ("American Bankers"), Sheree Taylor ("Taylor"), and Joe Castillo ("Castillo"), including any of Defendants' other employees or agents, relating to **Claim No. 201305784.**

12.  Produce all communications between Plaintiff and Defendants American Bankers Insurance Company of Florida ("American Bankers"), Sheree Taylor ("Taylor"), and Joe Castillo ("Castillo"), including any of Defendants' other employees or agents, relating to The Policy.

13.  Produce all communications between Plaintiff and Defendants American Bankers Insurance Company of Florida ("American Bankers"), Sheree

Taylor ("Taylor"), and Joe Castillo ("Castillo"), including any of Defendants' other employees or agents, relating to The Property.

14. Produce all documents or other material or information that reflect any instructions or directions American Bankers, including its employees and agents, provided or made available to Plaintiff relating to **Claim No. 201305784.**

15. Produce all documents or other material or information that reflect any instructions or directions Defendant American Bankers, including its employees and agents, provided or made available to Plaintiff relating to The Policy.

16. Produce all documents or other material or information that reflect any instructions or directions Defendant American Bankers, including its employees and agents, provided or made available to Plaintiff relating to The Property.

17. Produce all documents that relate to any inspections performed on The Property.

18. Produce all SIU files created, kept, maintained, or otherwise related to **Claim No. 201305784.**

19. Produce all SIU files created, kept, maintained, or otherwise related to The Policy at issue in this suit.

20. Produce all SIU files created, kept, maintained, or otherwise related to The Property at issue in this suit.

21. Produce all training materials relevant to the adjusting of wind/hail damage claims in Texas.

22. Produce all policies/procedures/guidelines maintained by American Bankers that relate to the handling of wind/hail damage claims in Texas.

23. Produce all personnel files maintained by American Bankers regarding Defendant Taylor.

24. Produce all personnel files maintained by American Bankers regarding Defendant Castillo.

25. Produce all personnel files maintained by American Bankers regarding any other adjuster/claim representative assigned to **Claim No. 201305784.**

"Exhibit A-1"

CAUSE NO. DC-15-42

| | | |
|---|---|---|
| ELOISA RAY | § | IN THE DISTRICT COURT OF |
|    Plaintiff, | § | |
| | § | |
| v. | § | DUVAL COUNTY, TEXAS |
| | § | |
| AMERICAN BANKERS | § | |
| INSURANCE COMPANY OF | § | |
| FLORIDA, SHEREE TAYLOR | § | |
| & JOE CASTILLO | § | 229ᵗʰ JUDICIAL DISTRICT |
|    Defendants. | § | |

## PLAINTIFF' FIRST REQUEST FOR PRODUCTION TO DEFENDANT SHEREE TAYLOR

To:   **Defendant Sheree Taylor at her place of residence at 1933 Andy Lane, Maryville, Tennessee 37803.**

    Pursuant to Rule 196 of the Texas Rules of Civil Procedure, Defendant Sheree Taylor must produce all requested documents and information (as kept in the ordinary course of business or organized and labeled to correspond with categories in each request), not more than 50 days after service of these requests.

    Respectfully submitted,

    COOK & ANDERSON LAW FIRM, PLLC

    Andrew C. Cook /BP

    Andrew C. Cook
    State Bar No. 24057481
    David M. Anderson
    State Bar No. 24064815
    101 N. Shoreline Blvd., Suite 420
    Corpus Christi, Texas  78401
    (361) 884-4433 (Office)
    (361) 884-4434 (Facsimile)

AND       **Gonzalez & Gonzalez, LLP**
Robert J. Gonzalez
State Bar No. 08131650
Arnold G. Gonzales
State Bar No. 08123100
Steve T. Lopez
State Bar No. 24070171
5959 S. Staples, Suite 205
Corpus Christi, Texas  78413
(361) 993-3399 (Office)
(361) 993-0030 (Facsimile)

**ATTORNEYS FOR PLAINTIFF**

# INSTRUCTIONS

1. Answer each request for documents separately by listing the documents and by describing them as defined below. If documents produced in response to this request are numbered for production, in each response provide both the information that identifies the document and the document's number.

2. For a document that no longer exists or that cannot be located, identify the document, state how and when it passed out of existence or could no longer be located, and the reasons for the disappearance. Also, identify each person having knowledge about the disposition or loss of the document, and identify any other document evidencing the lost document's existence or any facts about the lost document.

    a. When identifying the document, you must state the following:
        (1) The nature of the document (e.g., letter, handwritten note).
        (2) The title or heading that appears on the document.
        (3) The date of the document and the date of each addendum, supplement, or other addition or change.
        (4) The identities of the author, signer of the document, and person on whose behalf or at whose request or direction the document was prepared or delivered.

    b. When identifying the person, you must state the following:
        (1) The full name.
        (2) The present or last known residential address and residential telephone number.
        (3) The present or last known office address and office telephone number.
        (4) The present occupation, job title, employer, and employer's address.

## DEFINITIONS

The following definitions shall have the following meanings, unless the context requires otherwise:

1. "Plaintiff" or "defendant," as well as a party's full or abbreviated name or a pronoun referring to a party, means the party, and when applicable, the party's agents, representatives, officers, directors, employees, partners, corporate agents, subsidiaries, affiliates, or any other person acting in concert with the party or under the party's control, whether directly or indirectly, including any attorney.

2. "You" or "your" means **Sheree Taylor**, as well as her successors, predecessors, divisions, subsidiaries, related companies, including holding companies, present and former officers, agents, employees, and all other persons acting on behalf of **Sheree Taylor** or her successors, predecessors, divisions, and subsidiaries and related companies, including holding companies.

3. "Document" means all written, typed, or printed matter and all magnetic, electronic, or other records or documentation of any kind or description in your actual possession, custody, or control, including those in the possession, custody, or control of any and all present or former directors, officers, employees, consultants, accountants, attorneys, or other agents, whether or not prepared by you, that constitute or contain matters relevant to the subject matter of the action. "Document" includes, but is not limited to, the following: letters, reports, charts, diagrams, correspondence, telegrams, memoranda, notes, records, minutes, contracts, agreements, records or notations of telephone or personal conversations or conferences, interoffice communications, e-mail, microfilm, bulletins, circulars, pamphlets, photographs, faxes, invoices, tape recordings, computer printouts, drafts, résumés, logs, worksheets, notations, sketches, and deleted emails.

4. "Electronic or magnetic data" means electronic information that is stored in a medium from which it can be retrieved and examined. The term refers to the original (or identical duplicate when the original is not available) and any other copies of the data that may have attached comments, notes, marks, or highlighting of any kind. Electronic or magnetic data includes, but is not limited to, the following: computer programs; operating systems; computer activity logs; programming notes or instructions; e-mail receipts, messages, or transmissions; output resulting from the use of any software program, including word-processing documents, spreadsheets, database files, charts, graphs, and outlines; metadata; PIF and PDF files; batch files; deleted files; temporary files; Internet- or web-browser-generated information stored in textual, graphical, or audio format, including history files, caches, and cookies;

and any miscellaneous files or file fragments. Electronic or magnetic data includes any items stored on magnetic, optical, digital, or other electronic-storage media, such as hard drives, floppy disks, CD-ROMs, DVDs, tapes, smart cards, integrated-circuit cards (e.g., SIM cards), removable media (e.g., Zip drives, Jaz cartridges), microfiche, or punched cards. Electronic or magnetic data also includes the file, folder, tabs, containers, and labels attached to or associated with any physical storage device with each original or copy and expressly includes deleted emails or other information.

5. "Possession, custody, or control" of an item means that the person either has physical possession of the item or has a right to possession equal or superior to that of the person who has physical possession of the item.

6. "Person" means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity, and all predecessors or successors in interest.

7. "Mobile device" means any cellular telephone, satellite telephone, pager, personal digital assistant, handheld computer, electronic rolodex, walkie-talkie, or any combination of these devices.

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
## TO DEFENDANT SHEREE TAYLOR

1. Produce all documents in your possession which reference insurance coverage for the property located at **4808 County Road 404, Freer, Texas 78357** (hereinafter referred to as "The Property"), on or about March 31, 2013.

2. Produce all claims files created, kept, maintained, or otherwise related to **Claim No. 201305784.**

3. Produce all claims files created, kept, maintained, or otherwise related to The Policy at issue in this suit.

4. Produce all claims files created, kept, maintained, or otherwise related to The Property at issue in this suit.

5. Produce all Underwriting files created, kept, maintained, or otherwise related to The Policy at issue in this suit.

6. Produce all Underwriting files created, kept, maintained, or otherwise related to The Property at issue in this suit.

7. Produce all electronic and magnetic information and data, including emails and deleted emails, relating to **Claim No. 201305784** in native format via USB drive or DVD/CD-ROM.

8. Produce all electronic and magnetic information and data, including emails and deleted emails, relating to The Policy in native format via USB drive or DVD/CD-ROM.

9. Produce all electronic and magnetic information and data, including emails and deleted emails, relating to The Property in native format via USB drive or DVD/CD-ROM.

10. Produce any and all communications and documents sent to or received from, or exchanged by and between you and Plaintiff and their agents, employees, or representatives concerning the subject matter of this lawsuit.

11. Produce all communications between Plaintiff and Defendants American Bankers Insurance Company of Florida ("American Bankers "), Sheree Taylor ("Taylor"), and Joe Castillo ("Castillo"), including any of Defendants' other employees or agents, relating to **Claim No. 201305784.**

12. Produce all communications between Plaintiff and Defendants American Bankers Insurance Company of Florida ("American Bankers "), Sheree Taylor ("Taylor"), and Joe Castillo ("Castillo"), including any of Defendants' other employees or agents, relating to The Policy.

13. Produce all communications between Plaintiff and Defendants American Bankers Insurance Company of Florida ("American Bankers "), Sheree

Taylor ("Taylor"), and Joe Castillo ("Castillo"), including any of Defendants' other employees or agents, relating to The Property.

14. Produce all documents or other material or information that reflect any instructions or directions American Bankers, including its employees and agents, provided or made available to Plaintiff relating to **Claim No. 201305784**.

15. Produce all documents or other material or information that reflect any instructions or directions Defendant American Bankers, including its employees and agents, provided or made available to Plaintiff relating to The Policy.

16. Produce all documents or other material or information that reflect any instructions or directions Defendant American Bankers , including its employees and agents, provided or made available to Plaintiff relating to The Property.

17. Produce all documents that relate to any inspections performed on The Property.

18. Produce all SIU files created, kept, maintained, or otherwise related to **Claim No. 201305784**.

19. Produce all SIU files created, kept, maintained, or otherwise related to The Policy at issue in this suit.

20. Produce all SIU files created, kept, maintained, or otherwise related to The Property at issue in this suit.

21. Produce all training materials received from American Bankers relevant to the adjusting of wind/hail damage claims in Texas.

22. Produce all training materials maintained by you relevant to the adjusting of wind/hail damage claims in Texas.

23. Produce all policies/procedures/guidelines received from American Bankers that relate to the handling of wind/hail damage claims in Texas.

24. Produce all policies/procedures/guidelines maintained by you that relate to the handling of wind/hail damage claims in Texas.

25. Produce all personnel files maintained by you and/or American Bankers regarding Defendant Castillo.

26. Produce all personnel files maintained by American Bankers  regarding any other adjuster/claim representative assigned to **Claim No. 201305784**

"Exhibit A-2"

CAUSE NO. DC-15-42

| | | |
|---|---|---|
| ELOISA RAY<br>      Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| | § | |
| v. | §<br>§ | DUVAL COUNTY, TEXAS |
| AMERICAN BANKERS | § | |
| INSURANCE COMPANY OF | § | |
| FLORIDA, SHEREE TAYLOR | § | |
| & JOE CASTILLO | § | 229th JUDICIAL DISTRICT |
|     Defendants. | § | |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT JOE CASTILLO

**To:** **Defendant Joe Castillo at his place of residence at 3611 North 41st Lane, McAllen, Texas 78501.**

Pursuant to Rule 196 of the Texas Rules of Civil Procedure, Defendant Joe Castillo must produce all requested documents and information (as kept in the ordinary course of business or organized and labeled to correspond with categories in each request), not more than 50 days after service of these requests.

Respectfully submitted,

COOK & ANDERSON LAW FIRM, PLLC

Andrew C. Cook
State Bar No. 24057481
David M. Anderson
State Bar No. 24064815
101 N. Shoreline Blvd., Suite 420
Corpus Christi, Texas 78401
(361) 884-4433 (Office)
(361) 884-4434 (Facsimile)

**AND**        **Gonzalez & Gonzalez, LLP**
Robert J. Gonzalez
State Bar No. 08131650
Arnold G. Gonzales
State Bar No. 08123100
Steve T. Lopez
State Bar No. 24070171
5959 S. Staples, Suite 205
Corpus Christi, Texas  78413
(361) 993-3399 (Office)
(361) 993-0030 (Facsimile)

**ATTORNEYS FOR PLAINTIFF**

## **INSTRUCTIONS**

1. Answer each request for documents separately by listing the documents and by describing them as defined below. If documents produced in response to this request are numbered for production, in each response provide both the information that identifies the document and the document's number.

2. For a document that no longer exists or that cannot be located, identify the document, state how and when it passed out of existence or could no longer be located, and the reasons for the disappearance. Also, identify each person having knowledge about the disposition or loss of the document, and identify any other document evidencing the lost document's existence or any facts about the lost document.

    a. When identifying the document, you must state the following:

        (1) The nature of the document (e.g., letter, handwritten note).
        (2) The title or heading that appears on the document.
        (3) The date of the document and the date of each addendum, supplement, or other addition or change.
        (4) The identities of the author, signer of the document, and person on whose behalf or at whose request or direction the document was prepared or delivered.

    b. When identifying the person, you must state the following:

        (1) The full name.
        (2) The present or last known residential address and residential telephone number.
        (3) The present or last known office address and office telephone number.
        (4) The present occupation, job title, employer, and employer's address.

## DEFINITIONS

The following definitions shall have the following meanings, unless the context requires otherwise:

1. "Plaintiff" or "defendant," as well as a party's full or abbreviated name or a pronoun referring to a party, means the party, and when applicable, the party's agents, representatives, officers, directors, employees, partners, corporate agents, subsidiaries, affiliates, or any other person acting in concert with the party or under the party's control, whether directly or indirectly, including any attorney.

2. "You" or "your" means **Joe Castillo**, as well as his successors, predecessors, divisions, subsidiaries, related companies, including holding companies, present and former officers, agents, employees, and all other persons acting on behalf of **Joe Castillo** or his successors, predecessors, divisions, and subsidiaries and related companies, including holding companies.

3. "Document" means all written, typed, or printed matter and all magnetic, electronic, or other records or documentation of any kind or description in your actual possession, custody, or control, including those in the possession, custody, or control of any and all present or former directors, officers, employees, consultants, accountants, attorneys, or other agents, whether or not prepared by you, that constitute or contain matters relevant to the subject matter of the action. "Document" includes, but is not limited to, the following: letters, reports, charts, diagrams, correspondence, telegrams, memoranda, notes, records, minutes, contracts, agreements, records or notations of telephone or personal conversations or conferences, interoffice communications, e-mail, microfilm, bulletins, circulars, pamphlets, photographs, faxes, invoices, tape recordings, computer printouts, drafts, résumés, logs, worksheets, notations, sketches, and deleted emails.

4. "Electronic or magnetic data" means electronic information that is stored in a medium from which it can be retrieved and examined. The term refers to the original (or identical duplicate when the original is not available) and any other copies of the data that may have attached comments, notes, marks, or highlighting of any kind. Electronic or magnetic data includes, but is not limited to, the following: computer programs; operating systems; computer activity logs; programming notes or instructions; e-mail receipts, messages, or transmissions; output resulting from the use of any software program, including word-processing documents, spreadsheets, database files, charts, graphs, and outlines; metadata; PIF and PDF files; batch files; deleted files; temporary files; Internet- or web-browser-generated information stored in textual, graphical, or audio format, including history files, caches, and cookies; and any miscellaneous files or file fragments. Electronic or magnetic data

includes any items stored on magnetic, optical, digital, or other electronic-storage media, such as hard drives, floppy disks, CD-ROMs, DVDs, tapes, smart cards, integrated-circuit cards (e.g., SIM cards), removable media (e.g., Zip drives, Jaz cartridges), microfiche, or punched cards. Electronic or magnetic data also includes the file, folder, tabs, containers, and labels attached to or associated with any physical storage device with each original or copy and expressly includes deleted emails or other information.

5. "Possession, custody, or control" of an item means that the person either has physical possession of the item or has a right to possession equal or superior to that of the person who has physical possession of the item.

6. "Person" means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity, and all predecessors or successors in interest.

7. "Mobile device" means any cellular telephone, satellite telephone, pager, personal digital assistant, handheld computer, electronic rolodex, walkie-talkie, or any combination of these devices.

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
## TO DEFENDANT JOE CASTILLO

1.  Produce all documents in your possession which reference insurance coverage for the property located at **4808 County Road 404, Freer, Texas 78357** (hereinafter referred to as "The Property"), on or about March 31, 2013.

2.  Produce all claims files created, kept, maintained, or otherwise related to **Claim No. 201305784**.

3.  Produce all claims files created, kept, maintained, or otherwise related to The Policy at issue in this suit.

4.  Produce all claims files created, kept, maintained, or otherwise related to The Property at issue in this suit.

5.  Produce all Underwriting files created, kept, maintained, or otherwise related to The Policy at issue in this suit.

6.  Produce all Underwriting files created, kept, maintained, or otherwise related to The Property at issue in this suit.

7.  Produce all electronic and magnetic information and data, including emails and deleted emails, relating to **Claim No. 201305784** in native format via USB drive or DVD/CD-ROM.

8.  Produce all electronic and magnetic information and data, including emails and deleted emails, relating to The Policy in native format via USB drive or DVD/CD-ROM.

9.  Produce all electronic and magnetic information and data, including emails and deleted emails, relating to The Property in native format via USB drive or DVD/CD-ROM.

10. Produce any and all communications and documents sent to or received from, or exchanged by and between you and Plaintiff and their agents, employees, or representatives concerning the subject matter of this lawsuit.

11. Produce all communications between Plaintiff and Defendants American Bankers Insurance Company of Florida ("American Bankers"), Sheree Taylor ("Taylor"), and Joe Castillo ("Castillo"), including any of Defendants' other employees or agents, relating to **Claim No. 201305784**.

12. Produce all communications between Plaintiff and Defendants American Bankers Insurance Company of Florida ("American Bankers"), Sheree Taylor ("Taylor"), and Joe Castillo ("Castillo"), including any of Defendants' other employees or agents, relating to The Policy.

13. Produce all communications between Plaintiff and Defendants American Bankers Insurance Company of Florida ("American Bankers"), Sheree

Taylor ("Taylor"), and Joe Castillo ("Castillo"), including any of Defendants' other employees or agents, relating to The Property.

14. Produce all documents or other material or information that reflect any instructions or directions American Bankers, including its employees and agents, provided or made available to Plaintiff relating to **Claim No. 201305784**.

15. Produce all documents or other material or information that reflect any instructions or directions Defendant American Bankers, including its employees and agents, provided or made available to Plaintiff relating to The Policy.

16. Produce all documents or other material or information that reflect any instructions or directions Defendant American Bankers, including its employees and agents, provided or made available to Plaintiff relating to The Property.

17. Produce all documents that relate to any inspections performed on The Property.

18. Produce all SIU files created, kept, maintained, or otherwise related to **Claim No. 201305784**.

19. Produce all SIU files created, kept, maintained, or otherwise related to The Policy at issue in this suit.

20. Produce all SIU files created, kept, maintained, or otherwise related to The Property at issue in this suit.

21. Produce all training materials received from American Bankers relevant to the adjusting of wind/hail damage claims in Texas.

22. Produce all training materials maintained by you relevant to the adjusting of wind/hail damage claims in Texas.

23. Produce all policies/procedures/guidelines received from American Bankers that relate to the handling of wind/hail damage claims in Texas.

24. Produce all policies/procedures/guidelines maintained by you that relate to the handling of wind/hail damage claims in Texas.

A True copy of the original, I certify the 17 day of February 20 15
R. Barton
Clerk of the District Court,
Duval County, Texas
By _____ Deputy



US POSTAGE
$ 06.98
First-Class

Mailed From 78384
02/17/2015
032A 0061818657

CORPUS CHRISTI TX 784
THU 19 FEB 2015    AM

US POSTAGE
$ 04.50

Mailed From 78384
02/19/2015
032A 0061818657

7009 0080 0001 5474 1154

Richard M. Barton, District Clerk
229th Judicial District Court
Duval County Courthouse
P. O. Drawer 428
San Diego, Texas 78384

**AMERICAN BANKERS INS. CO. OF FLORIDA**
**REGISTERED AGENT CORPORATION SERVICE CO.**
**211 EAST 7TH STREET SUITE 620**
**AUSTIN, TEXAS 78701**

# EXHIBIT B-2

Filed: 3/16/2015 10:18:50 AM
Richard Barton,
District Clerk
Duval County, Texas

Elizabeth Hinojosa

CAUSE NO. DC-15-42

| | | |
|---|---|---|
| ELOISA RAY | § | IN THE DISTRICT COURT |
|     PLAINTIFF | § | |
| | § | |
| VS. | § | |
| | § | 229th JUDICIAL DISTRICT |
| AMERICAN BANKERS INSURANCE | § | |
| COMPANY OF FLORIDA, SHEREE | § | |
| TAYLOR AND JOE CASTILLO | § | |
|     DEFENDANTS | § | DUVAL COUNTY, TEXAS |

## DEFENDANTS AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA and SHEREE TAYLOR'S ANSWER TO PLAINTIFF'S ORIGINAL PETITION

COMES NOW Defendants, AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA ("ABIC") and SHEREE TAYLOR ("Taylor") (collectively referred to as "Defendants"), and respectfully file this answer to Plaintiff's Original Petition:

### GENERAL DENIAL

Defendants hereby deny generally each and every, all and singular, of the material allegations set forth by Plaintiff and demand strict proof thereof by a preponderance of the evidence.

### AFFIRMATIVE DEFENSES

1.    Defendants plead that plaintiff's claims are barred, either in whole or in part, because plaintiff has failed to state a claim upon which relief can be granted.

2.    Pleading further if necessary, plaintiff's causes of action are barred because she has failed to make a proper presentment of her claims as required by applicable law.

3.    Defendants are entitled to set-off from any award or damages against them for any sums, damages, or settlement amounts that plaintiff has previously received.

4.      Plaintiff's claim for extra-contractual damages is barred because defendants did not breach the policy nor violate the Texas Insurance Code.

5.      Plaintiff's claims for extra-contractual damages are barred because defendants' conduct was not committed knowingly or intentionally.

6.      Pleading further if necessary, plaintiff's causes of action are barred in, whole or in part, by the Fortuity Doctrine, which precludes coverage for ongoing or known losses at the time of an insurance policy's inception.

7.      Pleading further if necessary, plaintiff's causes of action are barred, in whole or in part, by the Doctrine of Concurrent Causes of Loss.

8.      Pleading further if necessary, plaintiff's claims for damages are barred, in whole or in part, because the policy does not cover pre-existing losses occurring before the inception of the policy or losses after the expiration of the policy.

9.      Pleading further if necessary, plaintiff's claims are subject to applicable deductions, exclusions and limitations and coverages set forth in the policy.

10.      Pleading further if necessary, plaintiff's claims are barred, in whole or in part, to the extent she has been paid all sums due under the policy in accordance with the terms and conditions of the policy.

11.      Pleading further if necessary, plaintiff's claims are barred, in whole or in part, because she failed to give the notice of her claims as required by the Texas Insurance Code and the Deceptive Trade Practices Act.

12.      Pleading further if necessary, plaintiff's claims are barred, in whole or in part, because the policy excludes damages caused by wear and tear and deterioration.

13.    Pleading further if necessary, plaintiff's claims are barred, in whole or in part, because the policy excludes damages caused by neglect, inherent vice, mold, wet or dry rot, among other things, as more fully set forth in the policy.

14.    Pleading further if necessary, plaintiff's claims are barred, in whole or in part, because plaintiff failed to comply with conditions precedent or conditions subsequent prior to filing her suit.  For instance, plaintiff failed to engage in appraisal.

15.    Pleading further if necessary, plaintiff's claims for violations of the Texas Insurance Code are barred, in whole or in part, because defendants did not act intentionally, unconscionably or knowingly, and because plaintiff did not detrimentally rely on any statement or representation made by defendants.

16.    Pleading further if necessary, defendants assert with respect to plaintiff's claim for punitive, exemplary or additional damages are barred in whole or in part because defendants conducted a reasonable investigation and have a reasonable basis for determining the payment of plaintiff's claims, and defendants at all times acted in good faith. Alternatively, plaintiff's claims are limited by Texas Law and any award of punitive damages must be limited to the greater of (1) two times the amount of economic damages plus an amount equal to any non-economic damages found by the jury, not to exceed $750,000; or (2) two times the amount of economic damages plus $200,000, pursuant to the statutory mandate of Texas Civil Practice & Remedies Code §41.002-41.009, including the increased burden of proof.

17.    Pleading further as necessary, plaintiff's claims are barred, in whole or in part, because a bona fide controversy existed or continues to exist concerning the amount of the alleged loss caused by a covered cause of loss, and concerning plaintiff's entitlement to benefits.

18.     Pleading further if necessary, plaintiff's claims for damages not caused by a covered cause of loss are barred.

## APPRAISAL

19.     Defendants invoke the appraisal provision of the Policy.

## REQUEST FOR COURT REPORTER

Pursuant to the Texas Government Code § 52.046 (Vernon 1988), the defendant requests that a court reporter attend all sessions of the court in conjunction with this civil action.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, defendants pray that plaintiff take nothing by this suit, for costs, for such off-sets or apportionments of damages as the law permits and for such other and further relief to which they may be justly entitled.

Respectfully submitted,

By: /s/ Carter L. Ferguson
      Carter L. Ferguson
      State Bar No. 06909500
      April F. Robbins
      State Bar No. 16983470

BRACKETT & ELLIS,
A Professional Corporation
100 Main Street
Fort Worth, Texas  76102-3090

Telephone:   (817) 338-1700
Facsimile    (817) 870-2265
Email:       cferguson@belaw.com
Email:       arobbins@belaw.com

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of March, 2015, a true and correct copy of the foregoing document was forwarded to all parties of record in accordance with the Texas Rules of Civil Procedure addressed as follows:

Andrew C. Cook
David M. Anderson
Cook & Anderson Law Firm, PLLC
5900 Memorial Drive, Suite 210
Houston, TX 77007

Robert J. Gonzalez
Arnold G. Gonzalez
Steve T. Lopez
Gonzalez & Gonzalez, LLP
5959 S. Staples, Suite 205
Corpus Christi, TX 78413

By: /s/ Carter L. Ferguson
Carter L. Ferguson